UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MURRAY SALTZMAN, as Trustee on Behalf of the MURRAY SALTZMAN REVOCABLE LIVING TRUST,<br><br>                           Plaintiff,<br>  -against-<br><br>BLUEJAY CAPITAL LLC,<br><br>                           Defendant,<br>  -and-<br><br>STEVEN M. NACHMAN and LAW OFFICES OF STEVEN M. NACHMAN,<br><br>                     Nominal Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff Murray Saltzman ("Plaintiff" or "Saltzman"), as Trustee on Behalf of the Murray Saltzman Revocable Living Trust ("Trust"), by his attorneys, Olshan Frome Wolosky LLP, for his Complaint against defendant Bluejay Capital LLC ("Defendant") and nominal defendants Steven M. Nachman ("Nachman") and Law Offices of Steven M. Nachman (the "Law Firm")[1], alleges as follows:

## INTRODUCTION

1. This is an action based on Defendant's unjustified refusal to allow the Escrow Agent to release a $255,000 down payment to the Trust, despite Defendant's default under a contract to purchase a building from the Trust. The contract terms are clear that, in these circumstances, the Trust is entitled to the down payment. The Trust therefore respectfully requests

---

[1] Nachman and the Law Firm will together be referred to as the "Escrow Agent" or "Nominal Defendants."

a declaratory judgment in its favor, and an order directing the Escrow Agent to release the down payment to it.

## THE PARTIES

2. Plaintiff Saltzman is an individual who resides in Clearwater, Florida. He is the trustee of the Trust, which owns a commercial building at 1188 President Street, Brooklyn, New York (the "Premises").

3. Defendant is a Delaware limited liability company with offices at 301 Mill Road, Suite L6, Hewlett, New York 11557.

4. Upon information and belief, Defendant's members are residents of New York. Plaintiff has no reason to believe, after conducting a good faith, reasonable inquiry, that any of Defendant's members are citizens of Florida.

5. Nominal defendant Nachman is an attorney who, upon information and belief, is a resident of New York. Nachman operates the Law Firm, which has offices at 675 Third Avenue, New York, New York 10017. They are named in this action solely in their capacity as the Escrow Agent, a stakeholder assigned by the parties to hold the down payment at issue.

6. Plaintiff has no reason to believe, after conducting a good faith, reasonable inquiry, that either Nachman or the Law Firm are citizens of Florida

## JURISDICTION AND VENUE

7. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff does not share a state of citizenship with Defendant or Nominal Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2

8.     Venue in this judicial district is proper, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this district, and the property that is the subject of this action is situated in this district.

## STATEMENT OF THE RELEVANT FACTS

**The Contract**

9.     On April 5, 2019, the Trust and Defendant entered into a Contract of Sale, pursuant to which "[the Trust] shall sell to [Defendant], and [Defendant] shall purchase from [the Trust]" the Premises, for a price of $3,100,000 (the "Contract").

10.    In accordance with Section 2.05 and Schedule C of the Contract, when Defendant entered into the Contract it made a down payment of $155,000 to be held by the Escrow Agent.

11.    Section 13.04 of the Contract provides that "[i]f [Defendant] shall default in the performance of its obligations under this contract to purchase the Premises" then the Trust is permitted "to retain the Downpayment as liquidated damages."

12.    Section 2.05 of the Contract sets forth the procedure if either party makes a demand for the down payment to be released. It states:

> [The] Escrow [Agent] shall give written notice to the other party of such demand. If [the Escrow Agent] does not receive a written objection from the other party to the proposed payment within 10 business days after the giving of such notice, [the Escrow Agent] is hereby authorized to make such payment. If [the Escrow Agent] does receive such written objection within such 10 day period . . . [the Escrow Agent] shall continue to hold such amount until otherwise directed by written instructions from the parties to this contract or a final judgment of a court.

13.    Pursuant to Section 3.01 and Schedule D of the Contract, the closing was scheduled for July 5, 2019, which was 90 days from the date of the Contract.

3

14. On May 15, 2019, the parties entered into an Amendment to Contract of Sale, which (among other things) deleted the due diligence provision from the Contract and reduced the purchase price to $2,900,000.

15. Soon after the execution of the Contract, Defendant began requesting to adjourn the closing. On June 28, 2019, the parties entered into a Second Amendment to Contract of Sale, which moved the closing date to July 19, 2019.

16. The parties executed the Third Amendment to Contract of sale on November 6, 2019, agreeing to further extend the closing to on or before February 4, 2020. As the Trust's consideration for (again) adjourning the closing, Defendant agreed to deposit an additional $100,000 towards the down payment (with $50,000 upon execution, and a further $50,000 on January 4, 2020).

17. The Third Amendment stated: "These deposits together with the initial deposit shall be non-refundable except in the event of [the Trust's] default."

18. With the Fourth Amendment to Contract of Sale, dated January 30, 2020, the Trust agreed (in exchange for $10,000) to extend the closing date to March 4, 2020, with an option for Defendant to further adjourn it to April 6, 2020 for an additional $10,000. Defendant paid both extension fee amounts, thereby setting the closing date for April 6, 2020.

**Defendant Breaches The Contract**

19. The Trust was ready, willing, and able to close, and was prepared to do so on April 6, 2020 pursuant to the parties' agreement.

20. On March 19, 2020 – about two weeks before the scheduled closing – Defendant wrote to the Trust, stating that "the COVID-19 outbreak" had "ma[d]e it impossible for [Defendant] to fulfill and perform its obligations under the Contract."

21. Defendant went on to state that it "hereby elects to cancel and terminate the Contract" and requested that the Escrow Agent return the down payment.

22. The following day, on March 20, 2020, the Trust's counsel replied, rejecting Defendant's position and demanding that the Escrow Agent release the own payment to the Trust.

23. On March 25, 2020, Defendant wrote to the Escrow Agent objecting to the Trust's request for release of the down payment.

24. Defendant did not appear for any closing on April 6, 2020.

25. The Contract (and its amendments) do not contain a force majeure clause.

26. In addition, at no point (either in the March 19 or March 25 letters, or otherwise) has Defendant asserted that the Trust failed to fulfill its obligations under the Contract, let alone defaulted.

**FIRST CLAIM**
**(Breach of Contract)**

27. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

28. The Trust and Defendant entered into a valid and binding contract, which required Defendant to purchase the Premises on or before the closing date.

29. The Trust has performed all of its obligations under the Contract.

30. Defendant, however, has breached the Contract by purporting to terminate the Contract in advance of the closing.

31. Defendant has also breached by failing to close on the closing date.

32. Further, Defendant has breached by refusing to allow the Escrow Agent to release the deposit in violation of the terms of the Contract and its amendments.

33. Accordingly, Plaintiff requests judgment declaring that the Trust is entitled to the down payment, plus interest.

34. Further, Plaintiff requests judgment directing the Escrow Agent to release the down payment to the Trust.

WHEREFORE, Plaintiff requests that judgment be entered for the relief set forth above, in addition to any other relief that the Court deems just and proper.

Dated: New York, New York
June 15, 2020

OLSHAN FROME WOLOSKY LLP

By: */s/ Joseph B. Weiner*
Joseph B. Weiner
1325 Avenue of the Americas
New York, New York 10019
Tel: (212) 451-2221
E-mail: jweiner@olshanlaw.com

*Attorneys for Plaintiff*